HANNAH P. WILLETT *v.* SIMEON WHITE, administrator.

Norfolk. Nov. 23, 1885. — Jan. 14, 1886. DEVENS & GARDNER, JJ., absent.

In an action, against an administrator, on a promissory note, the defendant pleaded a general denial, want of consideration, that the action was prematurely brought, and that the note was given as collateral security for an obligation which had been discharged, or the liability under which had never arisen. There was evidence that, five years before the date of the note, the intestate, who was the wife of the defendant, conveyed a parcel of land to the plaintiff by a deed in which the defendant did not join, and that the note was given because the defendant did not sign the deed. *Held,* that the defendant had no ground of exception to the exclusion of a release of the defendant's interest in the land, tendered to the plaintiff during the trial.

CONTRACT, against the administrator of the estate of Lois P. B. White, upon a promissory note for $500, dated April 11, 1881, signed by the defendant's intestate, and payable to the order of the plaintiff. Answer: 1. A general denial. 2. Want of consideration. 3. That the action was prematurely brought. 4. That the note was given as collateral security for an obligation which had been discharged, or the liability under which had

never arisen.  Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

Lois P. B. White, the wife of the defendant, died on May 25, 1882; and the defendant was duly appointed administrator of her estate on May 23, 1883.

It appeared in evidence that Mrs. White conveyed certain real estate to the plaintiff by deed dated September 29, 1876, which was put in evidence by the plaintiff's counsel during his cross-examination of the defendant, which deed the defendant, for reasons given by him, had refused to sign.

The defendant testified that, a short time after his wife's death, he called at the plaintiff's house and had a conversation with her, which was in substance as follows: " Hannah, how about that deed which you once wanted me and my wife to sign?"  The plaintiff told him that his wife had signed the deed, and that it had been recorded in Dedham long ago; and, upon further conversation, she also told him that his wife had given her a note for five hundred dollars, which she now held against his wife's estate, (which afterwards appeared to be the note sued upon in this case,) and when asked what this note was given for, she replied that she did not know but that he might get her land away from her, and that his wife gave her the note for this reason, so that he might not get her land away from her.  The defendant then said to her, " Then, if I will sign the deed, you will give up the note?" to which the plaintiff replied, " If you will sign the deed, I will not press payment of the note."

The defendant, on cross-examination, testified that, subsequently to the above conversation, he consulted counsel on the matter, and his counsel advised him that the best way to bring about a settlement was to bring proceedings for possession.  Accordingly, a writ of entry was brought on September 6, 1882, and is now pending.

The defendant was asked, on cross-examination, whether he had not signed and executed a deed conveying to the plaintiff his right, title, and interest in the real estate conveyed to the plaintiff by said Lois P. B. White, the alleged maker of the note, to which the defendant replied, " Yes, I have."

The defendant then produced a deed of release, without offering to amend his pleadings, the same being a release of all his

right, title, and interest in the premises conveyed by said deed of Mrs. White to the plaintiff, (the due execution and sufficiency of which release in matter of form was admitted,) and the same was at the trial offered and tendered to the plaintiff and her counsel, and, after tendering the same as aforesaid, said release was offered in evidence. The judge, on the plaintiff's objection, ruled that the release was inadmissible. The defendant then rested his case.

The plaintiff asked the judge to rule, as matter of law, that the plaintiff was entitled to a verdict for the whole amount of the note. The judge ordered a verdict accordingly; and the defendant alleged exceptions to the exclusion of the release.

*J. V. Beal*, for the defendant.

*F. W. Lewis*, for the plaintiff.

BY THE COURT. The only question presented by this bill of exceptions is whether the Superior Court was right in rejecting the offer of the defendant to give to the plaintiff a release of his interest in the real estate conveyed by his wife to the plaintiff. This was not admissible under any of the issues in the case. The bill of exceptions does not show what the consideration of the note was. But if it was given to her because the defendant refused to sign the wife's deed, as the defendant contends, the plaintiff was not obliged to accept his offer, unless she had agreed with the defendant's intestate to do so.

No such agreement is set up in the answer; and, under the pleadings as they stand, the court rightly excluded the offer and the deed of release.      *Exceptions overruled.*